I must respectfully dissent from the views of my colleagues that R.C. 2950.09(B) (2) violates the separation of powers doctrine implicit in the Ohio Constitution. In considering the separation of powers issue, it should be remembered that in many areas the branches of government have exercised overlapping powers. See United States v. Nixon (1974), 418 U.S. 683, 707, "the separate powers were not intended to operate with absolute independence." The general assembly and the Ohio Supreme Court share concurrent power for the promulgation and amendment of the Rules of Evidence. See Gianelli, The Proposed Ohio Rules of Evidence: The General Assembly, Evidence, and Rulemaking, 29 Case West. Res. L. Rev. 16 and State v. Mowery (1982), 1 Ohio St.3d 192,202, CJ. Celebreeze, concurring in part and dissenting in part.
The Colorado Supreme Court has held Colorado's rape shield statute does not violate the concept of separation of powers on the court's rule making powers in the case of People v. McKenna
(1978), 585 P.2d 275. The court noted the statute reflected a major public policy decision by the general assembly regarding sexual assault and reflected far more than the day to day procedural operation of the courts. Justice Carrigan wrote persuasively, as follows:
 Although certain aspects of the instant statute necessarily touch upon judicial matters, we recognize that legislative policy and judicial rulemaking powers may overlap to some extent so long as there is no substantial conflict between statute and rule. Peterson, supra, at 162. While the three branches of our government are separate, equal and coordinate, they are nevertheless branches of one government, and they cannot operate in mutually exclusive, watertight compartments. If government is to serve the people, each branch must seek to cooperate fully with the other two. Confrontations of constitutional authority are seldom in the long-term public interest and therefore are to be avoided where possible. Rather, mutual understanding, respect and self-restraint, the lubricants of good government, are to be sought. While our duty may occasionally require us to declare unconstitutional a statute adopted by the general assembly, we hold that power in reserve to be exercised only when the statute at issue cannot be reconciled with the constitution.
McKenna, 589 P.2d at 279.
The decision to implement a "Megan's Law" similar to New Jersey's reflects a major public policy decision by the general assembly and the factors to be considered in determining the identity of sexual predators is properly a matter for it to decide.
A defendant also has a substantive right not to be unfairly labeled a sexual predator as such a classification carries with it significant consequences. The rules regarding that determination is thus properly within the authority of the legislature pursuant to the Modern Courts Amendment, Art. IV, Sec. 5 of the Ohio Constitution.
Evid. R. 501 demonstrates, for example, the view of the Ohio Supreme Court that the matter of "privilege" is substantive in nature and properly a matter for the legislature because of "public policy" considerations. See Blackmore, The Ohio Evidence Rules: 105 years of Heritage and Dilemma, 6 Cap. U.L. Rev. 533, 544 (1977).
RC 2950.09(B)(2) provides non-exclusive factors that a trial court must consider in determining whether a convicted sex offender "is likely to engage in the future in one or more sexually oriented offenses." Without these guidelines the determination of who is a sexual predator is largely committed to the discretion of the individual judge. The legislature could not have intended such an unpredictable result. I fail to see how these non-exclusive factors differ from the non-exclusive factors trial courts are required to consider in establishing spousal support pursuant to RC 3105.18. I would not find that the mandated factors of RC 2950.09(B)(2) invade a "core function" of the judicial branch, and I would overrule White's seventh assignment of error. I concur in the majority's resolution of the other assignments. I would affirm the trial court.
 * * * * * * * * * * * *
Copies mailed to:
James D. Bennett, David H. Bodiker, Thomas R. Wetterer, Jr., Hon. Robert Lindeman.